McBRIDE, Judge.
This appeal involves an intersectional collision between two automobiles. The plaintiff-appellant, as the subrogee of Henry C. Drueding, Jr., its insured, seeks to recover from V. A. Engeran and his insurer the sum of $293.50, which it paid to Drueding, representing its liability to him as a result of a collision with the Engeran car.
The accident happened in the early afternoon of July 19, 1951. Drueding was driving on Third Street in the direction away from the Mississippi River, and the Enger-an car was moving toward downtown on Coliseum Street. The front part of Enger-an’s car struck the Drueding car toward the rear of the left side.
It is conceded that the operator of the Engeran car was negligent, and the case is narrowed, down to the question whether Drueding was guilty of contributory negligence, which is the subject of a special defense pleaded by the defendants. He is charged with failing to maintain a proper lookout, with entering the intersection at a rate of speed in excess of that permitted by local law, with failing to have his automobile under proper control, and with failing to use due care and caution commensurate with the circumstances existing at the intersection.
On the uptown-river corner is an iron fence surrounded by shrubbery and foliage which obliterated the view of the drivers of both vehicles and which constitutes the corner a “blind” one under the provisions of Ordinance No. 13,702 C.C.S., City of New Orleans. According to his own testimony, from a point on Third Street 10 or 15 feet away from the intersection Drueding could only see 30 to 40 feet into Coliseum Street in the direction from which the Engeran vehicle approached.
Section 3(b), Art. V. of the Ordinance, limits the speed of vehicles to “Fifteen miles an hour except on Boulevards and through streets, when approaching within fifty feet of and in traversing an intersection when the operator’s view is obstructed. An operator’s view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the streets entering such intersection for a distance of one hundred feet from such intersection.”
Drueding’s own testimony is sufficient to convict him of being contributorily negligent. He did not observe the Engeran car until the front part of his vehicle was a few feet out into the intersection, and he states that it was 75 to 100 feet away. The evidence satisfied us that Drueding was driving more than 15 miles per hour and emerged into the intersection without making a proper appraisal of existing conditions on Coliseum Street. Had he used such care and prudence as is required of one driving an automobile across a “blind” intersection the accident could not have happened. Not .only did he disobey the provisions of the ordinance, but he disregarded the dictates of common sense as to the duty of keeping ,a sharp lookout for vehicles traveling toward the intersection. See State v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 67.
Appellant endeavors to attribute the accident solely to the rapid rate of speed of the Engeran car, but the record does not establish that the operator thereof was driving at such speed as counsel would have us believe. Drueding’s own testimony on that score is that the Engeran car was traveling “very fast.” The driver of the En-geran automobile approximates her speed at about 20 miles per hour, but, however, she admitted that she told police officers immediately after the accident that she had been traveling 30 miles per hour in the middle of the block.
The intersecting streets are each about 27 feet wide. We cannot believe that when Drueding had gone a few feet into the intersection that the other car was from 75 to 100 feet away as he states. Assuming that he was driving at 18 miles per hour *437 it would have taken him about, one second to completely clear the intersection, and also assuming that the Engeran car was 75 feet away it would have had to be driven at a rate of speed in excess of 60 miles per hour to contact the Drueding car in the intersection. It is not shown that the En-geran vehicle was traveling more than 30 miles per hour, and it, of a certainty, must have been much closer to the intersection than Drueding estimates. It was his plain duty to have taken such steps as were necessary to avoid driving out into the path of the on-icoming Engeran car. The trial judge correctly concluded that the concurrent negligence of Drueding proximated the accident.
The judgment appealed from is affirmed.
Affirmed.
REGAN, J., absent, takes no part.