REGAN, Judge.
This is a suit by plaintiff, St. Louis Fife & Marine Insurance Company, the collision insurer of John E. Hankel, to recover from the defendant, H. G. Hill Stores, Inc., $709.-63, the amount paid under its policy to its assured, for damages arising out of an in-tersectional collision in Montegut and Dau-phine Streets, on February 27th, 1952, at about 7:40 a. m., when Hankel’s automobile, which was being operated in Dauphine Street, moving in the general direction of St. Bernard Parish, collided with defendant’s truck, which was being driven by Freddie Levy, in Montegut Street towards the Mississippi River.
Defendant answered and admitted the occurrence of the accident, but denied that the operator of its vehicle was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Hankel.
From a judgment in favor of defendant dismissing plaintiff’s suit, it has prosecuted this appeal.
Counsel for defendant both in brief and in oral argument before this court conceded the negligence of the operator of its vehicle and, therefore, the only question which the facts and the pleadings pose for our consideration is whether the plaintiff's assured, Hankel, was guilty of such contributory negligence as would operate as a bar to plaintiff’s recovery herein.
The record reveals that the approach of the respective vehicles was obscured by a building situated on the uptown lake corner of the intersection and, therefore, this intersection is what has been colloquially designated as “blind”; Montegut is a two-way street and Dauphine is a one-way street; both are paved or, at least, hard surfaced, but neither is a right of way street.
Hankel related that he was familiar with this intersection as he traversed it almost daily; prior to the collision he was operating his vehicle in Dauphine Street at a speed of approximately twenty miles per hour; as he approached Montegut Street he decelerated the motor and as the hood of his car entered the intersection he observed the approach of defendant’s truck, which was then twenty to thirty feet removed from him, but thought that he had sufficient time to traverse the intersection, especially if the operator of the truck would slacken its speed. The accident occurred when the rear section of plaintiff’s vehicle was struck on the left side thereof as it reached the approximate center of the intersection.
*899 The trial court was “of the opinion that it is not safe, because of this blind corner * * * to operate an automobile in this vicinity without using the highest degree of caution, and believes that both drivers were acting without regard to the circumstances and conditions then and there existing. Neither brought his car to a point where he had an unobstructed view of the intersection, and of making a careful survey of traffic conditions before attempting to cross.”
We have made an analysis of the record and we find that the foregoing conclusions of the trial judge are fully supported by the evidence. The record reflects that neither party observed the approach of the other until the actual collision was, at least, imminent.
The principle herein involved is anala-gous to and we believe controlled by the ratio decedendi of Fidelity-Phenix Fire Insurance Company v. Engeran, La.App. 1953, 63 So.2d 435, 436, wherein we said:
“Drueding’s own testimony is sufficient to convict him of being contribu-torily negligent. He did not observe the Engeran car until the front part of his vehicle was a few feet out into the intersection, and he states that it was 75 to 100 feet away. The evidence satisfied us that Drueding was driving more than 15 miles per hour and emerged into the intersection without making a proper appraisal of existing conditions on Coliseum Street. Had he used such care and prudence as is required of one driving an automobile across a ‘blind’ intersection the accident could not have happened. Not only did he disobey the provisions of the ordinance, but he disregarded the dictates of common sense as to the duty of keeping a sharp lookout for vehicles traveling toward the intersection.”
In our opinion the foregoing rationale fully encompasses the factual characteristics of this accident. The operator of each vehicle was negligent and since the negligence of each contributed to the accident there can be no recovery by the plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.